UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kirby Morgan Dive Systems, Inc., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Submarine Systems, Ltd., a U.K. entity<br><br>　　　　　Defendant. | Case No. CV 08-07722 SVW (PJWx)<br><br>[JUDGMENT AND PERMANENT INJUNCTION<br><br>J S - 6 |

**JUDGMENT AND PERMANENT INJUNCTION**

Having reviewed the Complaint filed herein on November 21, 2008 by Plaintiff Kirby Morgan Dive Systems, Inc. ("Kirby Morgan") against Defendant Submarine Systems, Ltd. ("Submarine Systems"); the Default entered by the Court on August 3, 2009; and Kirby Morgan's application for entry of default judgment, and finding good cause therefor,

///

IT IS HEREBY ADJUDGED THAT

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a) and (b), and 1367 (a), as well as under the Stipulation for Dismissal and Order entered by this Court in a previous action, Case No. 03-3176 SVW (PLAx), in which Kirby Morgan and Submarine Systems (collectively, "the Parties") stipulated that this Court shall retain jurisdiction for purposes of enforcement of a Settlement Agreement between the Parties on or about October 3, 2003 ("Settlement Agreement").

2. This Court has personal jurisdiction over Submarine Systems, and venue is proper.

3. U.S. Trademark Registration No. 2,634,033 is valid, enforceable, and owned by Kirby Morgan.

4. U.S. Trademark Registration No. 2,670,929 is valid, enforceable, and owned by Kirby Morgan.

5. U.S. Trademark Registration No. 2,852,306 is valid, enforceable, and owned by Kirby Morgan.

6. U.S. Trademark Registration No. 2,801,683 is valid, enforceable, and owned by Kirby Morgan.

7. U.S. Trademark Registration No. 2,803,929 is valid, enforceable, and owned by Kirby Morgan.

8. U.S. Trademark Registration No. 2,842,804 is valid, enforceable, and owned by Kirby Morgan.

9. Kirby Morgan has established substantial good will in the design of its products through extensive use, sales, and promotion of its products in interstate commerce and throughout the world, and through the distinctive appearance of Kirby Morgan's products. As a result, Kirby Morgan's products have acquired a secondary meaning and have come to be known to the trade and to its customers throughout the United States, and the world, as identifying high quality products sold by Kirby Morgan.

10. On or about October 3, 2003, the Parties entered into the Settlement Agreement for purposes of settling all claims raised by Kirby Morgan in its previous complaint filed on May 6, 2003.

11. Kirby Morgan performed and completed all conditions, covenants, and promises required of them in accordance with the terms and conditions of the Settlement Agreement.

12. Submarine Systems breached the Settlement Agreement in at least the following respects:

    a. Failing to follow the requirement not to manufacture, sell, or offer to sell helmets and masks that are derivatives, resemble, or look like the products, designs, illustrations, drawings, images, emblems, trademarks, trade dress, helmets, or masks used or owned by Kirby Morgan; and

    b. Failing to maintain ISO qualification of its helmets.

13. The size, shape, arrangement, overall appearance, color and tone of the trade dress for Kirby Morgan's proprietary products are nonfunctional, fanciful, arbitrary, inherently distinctive, and have acquired secondary meaning in the eyes of the relevant customers.

14. Submarine Systems has infringed Kirby Morgan's trade dress, including its above-mentioned federally registered trademarks as alleged in the Complaint in violation of 15 U.S.C. §§ 1117 and 1125(a).

15. Kirby Morgan has been harmed by this trade dress and trademark infringement, in the form of lost licensing royalties.

16. The trade dress and trademark infringements by Submarine Systems have been willful warranting increased damages pursuant to 15 U.S.C. § 1117, and this case is exceptional warranting an award of the attorneys' fees Kirby Morgan.

17. Submarine Systems' has committed false advertisement in violation of 15 U.S.C. § 1125(a).

18. Submarine Systems willfully intended by the false advertisements to harm Kirby Morgan's business, reputation, and goodwill warranting increased damages pursuant to 15 U.S.C. § 1117, and this case is exceptional warranting an award of the attorneys' fees Kirby Morgan.

19. Submarine Systems committed intentional interference with Kirby Morgan's contractual relations with the third parties identified in the Complaint.

4

20. Submarine Systems' committed unfair competition in violation of California Business and Professional Code §§ 17200 and 17500 as alleged in the Complaint.

21. Submarine Systems undertook such above acts of unfair competition intentionally and knowingly.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## I.   DAMAGES AWARD

The Court hereby awards damages as follows:

Submarine Systems shall be liable for:

1. Actual damages of in the amount of $300,000, calculated as $20,000 per year for five (5) years as a lost annual royalty payment due to Submarine Systems' willful infringement of Kirby Morgan's federal trade dress and trademarks since the October 3, 2003 Settlement Agreement, increased three times to the sum of $300,000; and

2. Kirby Morgan's attorney's fees and costs in the amount of $41,422.67.

3. Thus, the total amount of damages awarded shall be **$341,422.67** based upon actual damages in the amount of $300,000 plus attorneys' fees and costs in the amount of $41,422.67.

///

## II. PERMANENT INJUNCTION

The Court hereby enters a Permanent Injunction consisting of the terms set forth below:

Submarine Systems and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this permanent injunction,

**A.   Shall be permanently enjoined from:**

(1)   improperly interfering with Kirby Morgan's business and with Kirby Morgan's contractual relations with its customers;

(2)   advertising, selling, offering to sell, and importing helmets and face masks that infringe Kirby Morgan's registered trade dress and trademarks identical or substantially similar to the trade dress and trademarks registered under U.S. Trademark Registration Nos. 2,670,929; 2,634,033; 2,852,306; 2,801,683; 2,803,929; and/or 2,842,804;

(3)   advertising, selling, offering to sell, and importing any yellow helmets in violation of the parties' October 3, 2003 Settlement Agreement; and

(4)   making any false statement in any advertisement or promotion that any of its products are "internationally recognised," approved "for worldwide use," the subject of "EU-type approval certification," certified by any "internationally recognised seal of approval," "tested to meet and exceed the most stringent internationally recognised performance and safety regulations,"

"certified European approval by Germanischer Lloyds to 60 meters on air," fitted with face plate retainer fittings that "no other helmet has," and certified by "European type approval certification by Germanic Lloyds as part of a complete surface supplied diving system"; and

B.   **Shall destroy**

(1)   all helmets and face masks that are identical or substantially similar to Kirby Morgan's trade dress and trademarks registered under U.S. Trademark Registration Nos. 2,670,929; 2,634,033; 2,852,306; 2,801,683; and/or 2,803,929;

(2)   all helmet molds used in making helmets and face masks that are identical or substantially similar to Kirby Morgan's trade dress and trademarks registered under U.S. Trademark Registration Nos. 2,670,929; 2,634,033; 2,852,306; 2,801,683; 2,803929; and/or 2,842,804;

(3)   all yellow helmets that violate the October 3, 2003 Settlement Agreement;

(4)   all helmet molds used in making helmets and face masks that violate the October 3, 2003 Settlement Agreement;

(5)   all markings and indicia on any helmet, mask, marketing or promotional material, or instructional material that are identical or substantially similar to the mark registered under U.S. Trademark Registration No. 2,842,804; and

///

(6) all marketing, promotional, and instructional material that contains any of the false or misleading statements that any of its products are "internationally recognised," approved "for worldwide use," the subject of "EU-type approval certification," certified by any "internationally recognised seal of approval," "tested to meet and exceed the most stringent internationally recognised performance and safety regulations," "certified European approval by Germanischer Lloyds to 60 meters on air," fitted with face plate retainer fittings that "no other helmet has," and certified by "European type approval certification by Germanic Lloyds as part of a complete surface supplied diving system"; and

This Court shall retain subject matter and personal jurisdiction over the parties for enforcement for all purposes of this Judgment and Permanent Injunction.

IT IS SO ORDERED.

Date: December 23, 2009

Hon. Stephen V. Wilson
**United States District Judge**